J-S09023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                       :          PENNSYLVANIA
                                       :

           v.                          :

JORGE ALDEA                         :

          Appellant          :    No. 1328 EDA 2023

Appeal from the Order Entered April 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004700-2012

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                         :          PENNSYLVANIA
                                       :

           v.                          :

JORGE ALDEA                         :

          Appellant          :    No. 1376 EDA 2023

Appeal from the Order Entered April 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004660-2012

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:          **FILED JUNE 20, 2024**

Appellant Jorge Aldea appeals from the order dismissing his serial untimely Post-Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that the PCRA court erred in concluding that he failed to

_____

[1] 42 Pa.C.S. §§ 9541-9546.

meet a timeliness exception to the PCRA time bar and denying relief on his after-discovered evidence claims. We affirm.

The underlying facts of this matter are well known to the parties. *See Commonwealth v. Aldea*, 1443 EDA 2015, 2016 WL 854446 (Pa. Super. filed Mar. 4, 2016) (unpublished mem.). Briefly, Appellant pled guilty to murder and related offenses at two separate docket numbers in 2015. On April 13, 2015, the trial court imposed the agreed-upon aggregate sentence of life in prison. This Court affirmed Appellant's judgment of sentence on direct appeal, and Appellant did not seek further review with the Pennsylvania Supreme Court. Appellant subsequently filed two PCRA petitions, both of which were ultimately denied.

On January 30, 2023, Appellant filed the instant *pro se* PCRA petition, his third. Therein, Appellant claimed that he met the newly-discovered fact exception based on evidence concerning police misconduct by several detectives in the Philadelphia Police Department.

On March 2, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Therein, the PCRA court explained that Appellant's petition was facially untimely and that he had failed to identify when he first learned of the police misconduct, that the allegations were unknown to Appellant, or that he acted with due diligence in discovering that information. After Appellant filed a response, the PCRA court issued an order and opinion dismissing Appellant's petition. *See* PCRA Ct. Order & Op., 4/13/23.

- 2 -

Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues:

1. Whether [the] PCRA court erred and abused its discretion by denying [Appellant the] right to amend [his PCRA petition?]

2. Has [the PCRA court's] denial of [Appellant's] right to amend and develop[] the record violated his [due] process [rights?]

3. Has [Appellant] develope[d] right to ask this Court to order a 90-day extension to develop[] facts to assist his petition in a more articulate manner for this Court['s] review?

Appellant's Brief at 4 (unpaginated).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or

subsequent one, must be filed within one year of the date the petitioner's

judgment of sentence became final, unless he pleads and proves one of the

three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v.***

***Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted).  A judgment

of sentence becomes final at the conclusion of direct review, or at the

expiration of time for seeking such review.  ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a

judgment of sentence becomes final if the petitioner pleads and proves one of

the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of
> interference by government officials with the presentation of the
> claim in violation of the Constitution or laws of this Commonwealth
> or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to
> the petitioner and could not have been ascertained by the exercise
> of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized
> by the Supreme Court of the United States or the Supreme Court
> of Pennsylvania after the time period provided in this section and
> has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions

must file a petition within one year of the date the claim could have first been

presented.  ***See*** 42 Pa.C.S. § 9545(b)(2).[2]  It is the petitioner's "burden to

_____

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented.  ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies
*(Footnote Continued Next Page)*

allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than five years after his sentence became final in 2016. **See** 42 Pa.C.S. § 9545(b)(1). Further, as noted by the PCRA court, Appellant failed to identify when he first learned of the police misconduct, that the allegations were unknown to Appellant, or that he acted with due diligence in discovering that information. **See** PCRA Ct. Order & Op., 4/13/23, at 5-6. For these reasons, we conclude that Appellant's petition is untimely and that he failed to establish an exception to the PCRA time bar. **See Albrecht**, 994 A.2d at 1094; **see also** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024

---

only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.